UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
—————————————————————————

VELSICOL CHEMICAL LLC, and
TRANSPORTATION INSURANCE COMPANY, INC.,

                         Plaintiffs,                         Civ. Action No.:
                                                    1:17-cv-02092

       v.

MAGNETEK, INC.,

                         Defendant.                         **ANSWER AND
COUNTERCLAIMS**
—————————————————————————

        Defendant, Magnetek, Inc. ("Magnetek"), by its attorneys, Phillips Lytle

LLP, for its answer to the complaint in this action ("Complaint"), states:

        1.      Paragraph 1 of the Complaint purports to summarize Plaintiffs' claims

and no response is required.  To the extent a response is required, Magnetek admits only

that it is the successor to Universal Manufacturing Corporation ("UMC") and has tendered

a demand for defense and indemnity to Transportation Insurance Company, Inc. ("TIC");

denies knowledge and information sufficient to form a belief as to the truth of the allegation

that TIC tendered Magnetek's claim to Velsicol Chemical LLC ("Velsicol"); and otherwise

denies the allegations in paragraph 1 of the Complaint.

## Parties and Jurisdiction

        2.      Denies knowledge and information sufficient to form a belief as to the

truth of the allegations in paragraph 2 of the Complaint.

        3.      Denies knowledge and information sufficient to form a belief as to the

truth of the allegations in paragraph 3 of the Complaint.

4.    Admits the allegations in paragraph 4 of the Complaint.

5.    Paragraph 5 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Magnetek denies the allegations in paragraph 5 of the Complaint.

## Factual Background

6.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint

7.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.    With respect to the allegations in paragraph 8 of the Complaint, admits only that Plaintiffs reference and attach a document entitled "Special Undertaking by Purchasers of Polychlorinated Biphenyls" (the "1972 Undertaking") and respectfully refers to that document for its complete and accurate content; denies knowledge and information sufficient to form a belief as to the truth of the allegation concerning the alleged communication between Monsanto Company ("Monsanto") and UMC; and otherwise denies the allegations in paragraph 8 of the Complaint.

9.    Admits only that paragraph 9 of the Complaint purports to selectively quote from the 1972 Undertaking; respectfully refers to that document for its complete and accurate content; and otherwise denies the allegations in paragraph 9 of the Complaint.

10.    Admits only that paragraph 10 of the Complaint purports to summarize the 1972 Undertaking; respectfully refers to that document for its complete and accurate content; and otherwise denies the allegations in paragraph 10 of the Complaint.

11.    Admits the allegations in paragraph 11 of the Complaint.

12. Admits the allegations in paragraph 12 of the Complaint.

13. With respect to the allegations in paragraph 13 of the Complaint, admits only that that Magnetek tendered notice of the 2016 Demand by Monsanto to TIC; respectfully refers to that Notice and the referenced insurance policies for their complete and accurate content; and otherwise denies the allegations in paragraph 13 of the Complaint.

14. Admits only that paragraph 14 of the Complaint references a "Stock Purchase Agreement" and an "Environmental Agreement[;]" respectfully refers to those documents for their complete and accurate content; and otherwise denies the allegations in paragraph 14 of the Complaint.

15. Admits only that paragraph 15 of the Complaint purports to summarize the "Stock Purchase Agreement" and an "Environmental Agreement[;]" respectfully refers to those documents for their complete and accurate content; and otherwise denies the allegations in paragraph 15 of the Complaint.

16. Admits only that paragraph 16 of the Complaint purports to summarize the "Stock Purchase Agreement[,]" the "Environmental Agreement" and certain insurances policies; respectfully refers to those documents for their complete and accurate content; and otherwise denies the allegations in paragraph 16 of the Complaint.

17. Denies the allegations in paragraph 17 of the Complaint.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Admits only that paragraph 19 of the Complaint purports to quote a document entitled the "1999 Settlement Agreement[;]" respectfully refers to that document

for its complete and accurate content; and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Admits only that paragraph 20 of the Complaint purports to quote the 1999 Settlement Agreement; respectfully refers to that document for its complete and accurate content; and otherwise denies the allegations in paragraph 20 of the Complaint.

21.     Denies the allegations in paragraph 21 of the Complaint.

22.     Admits only that paragraph 22 of the Complaint purports to summarize the referenced insurance policies; respectfully refers to those polices for their complete and accurate content; and otherwise denies the allegations in paragraph 22 of the Complaint.

23.     Denies the allegations in paragraph 23 of the Complaint.

24.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Magnetek denies the allegations in paragraph 25 of the Complaint.

26.     Denies the allegations in paragraph 26 of the Complaint.

27.     Denies the allegations in paragraph 27 of the Complaint.

28.     Admits only that paragraph 28 of the Complaint purports to summarize the referenced insurance policies; respectfully refers to those polices for their complete and accurate content; and otherwise denies the allegations in paragraph 28 of the Complaint.

29.     Denies the allegations in paragraph 29 Complaint.

30.     Admits only that paragraph 30 of the Complaint purports to summarize the referenced insurance policies; respectfully refers to those polices for their complete and accurate content; and otherwise denies the allegations in paragraph 30 of the Complaint.

31.     Denies the allegations in paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint sets forth a legal assertion to which no response is required.  To the extent a response is required, Magnetek denies the allegations in paragraph 32 of the Complaint.

## COUNT I

33.     Repeats each response to paragraphs 1 - 32 of the Complaint as if fully set forth herein.

34.     Paragraph 34 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Magnetek denies the allegations in paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Magnetek admits only that an actual and justiciable controversy exists between TIC and Magnetek, and otherwise denies the allegations in paragraph 35 of the Complaint.

36.     To the extent not expressly admitted herein, each and every allegation in the Complaint is denied.

## DEFENSES

## FIRST DEFENSE

37.     The complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

38.     The complaint fails to set forth a justiciable controversy between plaintiff Velsicol and Magnetek.

## THIRD DEFENSE

39.     Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

## FOURTH DEFENSE

40.     Plaintiffs' claims are barred in whole or in part by the doctrine of unjust enrichment, as plaintiffs' retention of premiums paid for insurance coverage would be unjust if TIC fails to fulfill its obligations to Magnetek under the Policies.

## FIFTH DEFENSE

41.     Magnetek intends to rely upon such other defenses as may become available or apparent during the course of this litigation and thus reserves the right to amend or supplement this answer to assert such additional defenses.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM
#### (Declaratory Judgment – Duty to Defend)

42.     Magnetek is the successor by merger to UMC.  Magnetek acquired UMC from UMC's former parent, Farley/Northwest Industries, Inc. ("Farley/NWI") pursuant to a Stock Purchase Agreement dated January 9, 1986 (the "SPA") and ancillary agreements.

43.     Pursuant to the SPA and as the successor to UMC, Magnetek acquired rights in certain insurance policies, including at least four policies issued by plaintiff Transportation Insurance Company ("TIC"):  Policies CCP 007-436-945/MAN; MAN 007-

436-945; CCP 001 702 094; and CCP 001 703 321. Together, the four policies (each a "<u>Policy</u>" and collectively, the "<u>Policies</u>") cover the period from November 1, 1978 to February 12, 1986 (the "<u>Policy Periods</u>").

44.     On or about August 29, 2016, several successors to the Monsanto Company (the "<u>Monsanto Successors</u>") demanded that Magnetek defend and indemnify the Monsanto Successors in connection with "all current and future PCB-related litigation wherein Old Monsanto is, or will be, named as a defendant" (the "<u>2016 Demand</u>"). The Monsanto Successors identified 46 pending actions as the subject of the tender (the "<u>Underlying Actions</u>").

45.     Pursuant to the Policies, TIC owes Magnetek a duty to defend the claims by the Monsanto Successors relating to the Underlying Actions as well as any other current or future PCB-related claims relating to or arising from occurrences during the Policy Periods.

46.     The Policies require TIC to pay on behalf of the Insured all sums which the Insured shall be legally obligated to pay arising out of any occurrence during the term of each Policy.

47.     The Policies require TIC to defend Magnetek from any suit alleging damages which are payable under the Policies, even if any of the allegations of the suit are groundless, false or fraudulent.

48.     As Magnetek's insurer, TIC has an independent obligation to defend Magnetek that is broader than the duty to indemnify. The duty to defend arises when the complaint falls potentially within coverage of the subject policy.

49.     In its complaint, TIC alleges five separate defenses to coverage, none of which are applicable and none of which curtail TIC's duty to defend.

50.     TIC contends that Magnetek waived insurance rights in connection with the SPA.  However, rights in the Policies were properly assigned in connection with the SPA, Magnetek acquired all of UMC's rights as its successor by merger, and neither UMC nor Magnetek waived any such rights.

51.     TIC contends that a 1999 release by unrelated third-party Fruit of the Loom served to release Magnetek and/or UMC's rights under the Policies.  However, neither UMC or Magnetek was a party to the alleged 1999 release and any third-parties lacked the legal authority to settle or release the claims of Magnetek and/or UMC.

52.     TIC contends that the Policies' exclusions for "expected or intended" events applies.  However, this exclusion does not apply because any damages allegedly caused by UMC's completed lighting ballasts and/or other products were neither intended nor expected by UMC.

53.     TIC contends that the Polices' pollution exclusions apply.  However, this exclusion does not apply because (1) the exclusion does not apply to Products Hazard and Completed Operations Hazard, and (2) any alleged discharges were neither expected nor intended.

54.     TIC contends that the occurrences alleged by the Monsanto Successors and/or in the Underlying Actions fall outside of the coverage periods.  However, any occurrences in the Underlying Actions, at a minimum, potentially took place during the Policy Periods and thus TIC has a duty to defend Magnetek.

55. Magnetek may have additional defenses to the coverage defenses and exclusions asserted by TIC and it reserves the right to assert same.

56. No exclusions in the Policies apply to TIC's coverage obligations owed to Magnetek.

57. Because no exclusions apply to preclude coverage, TIC owes Magnetek a duty to defend claims by the Monsanto Successors and any other future claims arising out of UMC's alleged acts or omissions during the Policy Periods.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment - Indemnification)**

58. Magnetek repeats and realleges the allegations set forth in paragraphs 42 through 57.

59. In the event Magnetek is held liable for personal injury, bodily injury, and/or property damage, TIC has a duty to indemnify Magnetek for all such liabilities caused by or arising out of an occurrence during the Policy Periods.

60. No exclusions in the Policies apply to TIC's coverage obligations owed to Magnetek.

61. To the extent that some or all of the occurrences giving rise to the 2016 Demand and the Underlying Actions occurred during the Policy Periods, TIC is obligated to indemnify Magnetek.

**THIRD COUNTERCLAIM**
**(Breach of Contract)**

62. Magnetek repeats and realleges the allegations set forth in paragraphs 42 through 61.

63.    TIC has a duty to defend Magnetek in connection with the 2016 Demand by the Monsanto Successors, the Underlying Actions, and/or any other current or future PCB-related claims relating to or arising from occurrences during the Policy Periods.

64.    Despite Magnetek's requests for a defense, TIC has refused to defend Magnetek.

65.    TIC breached its contractual duty to defend when it refused to defend Magnetek from claims by the Monsanto Successors.

66.    TIC is obligated to pay Magnetek for all damages arising from TIC's breach of its duty to defend.

WHEREFORE, Magnetek, Inc. demands judgment:

(a)    dismissing the complaint;

(b)    declaring that TIC owed and continues to owe a duty to defend to Magnetek;

(c)    declaring that TIC must indemnify Magnetek in connection with the 2016 Demand by the Monsanto Successors, the Underlying Actions, and/or any other current or future PCB-related claims relating to or arising from occurrences during the Policy Periods;

(d)    awarding defendant damages on its third counterclaim for all damages arising from TIC's breach of the duty to defend, including attorneys' fees and costs incurred by Magnetek;

(e)    granting defendant the costs, disbursements and attorneys' fees of this action; and

(f)    granting such other relief as the Court deems just and proper.

- 10 -

Dated: Buffalo, New York                 PHILLIPS LYTLE LLP
       March 23, 2017


                                               By:  /s/ Joel A. Blanchet
                                                  Joel A. Blanchet
                                            Attorneys for Defendant
                                          *Magnetek, Inc.*
                                          One Canalside
                                          125 Main Street
                                          Buffalo, New York  14203-2887
                                          Telephone No. (716) 847-8400
                                          jblanchet@phillipslytle.com


TO:    MUCH SHELIST, P.C.
        Steven P. Blonder, Esq.
        Joanne A. Sarasin, Esq.
        Marissa L. Downs, Esq.
        Attorneys for Plaintiffs
        *Velsicol Chemical LLC and Transportation*
        *Insurance Company, Inc.*
        191 N. Wacker Drive, Suite 1800
        Chicago, Illinois 60606
        Telephone No. (312) 521-2000
        sblonder@muchshelist.com
        jsarasin@muchshelist.com
        mdowns@muchshelist.com


Doc #01-3020740